Fulton, J.
(orally).
This case is submitted to the court upon the evidence. It was tried to a jury some time ago and the jury failed to agree, and after that counsel waived a jury and submitted the case to the court upon the evidence taken at the trial before the jury, and it is all here in writing.
'The petition was filed to recover from the board of education of Licking township, Licking county, Ohio, for the schooling of certain children who belonged to a man named Vanatta, who lived in Licking township. The petition claims these children attended school in Thorn township, Perry county, Ohio, for three different terms, as I understand it, or three different years — TO and TI, TI and T2, and T2 and T3. The petition sets out the length of time that they attended each one of these terms and the number of children who went to school at this place. The petition also sets out that the school which they did attend was about a mile and a half from their home, and the school in Licking township was more than a mile and a half from the home where they lived, or the school to which they were assigned. The facts are all admitted, or at least there is no dispute about this man having these children, and living *195 at the place where the petition says he lived, and there is no dispute about his sending his children to school in 'Thorn township, and the length of time that they went to school as set out in the petition. The children went to school in Thorn township and they were schooled there for the time set out in the petition. The only question raised is as to whether or not the board of education of Thorn township have put themselves in such a position that they can demand pay from, the board of education of Licking township.
The rate per month is set out in the petition at $3.07 a piece. 'The court finds from the testimony that that is reasonable, or that it is even less than the testimony shows that it cost. I think the testimony shows more than that, but of course as the petition does not claim more, that would be the outside amount that they could ask, because that is the amount that they have said that it cost to school these children.
The first objection made to the payment of this bill by the board 'of education of Licking township is that they had no notice that these children were attending school in Thorn township. They claim that they were not notified; that there was no notice sent to them, or at least they received no notice, and that no particular notice was ever served upon them which would tend to charge the board of education of Licking township for the education of these children in Thorn township.
Now, the section of the statute which governs this matter is Section 7735 and reads as follows:
“When pupils live more than one and one-half miles from the school to which they are assigned in the district where they reside, ’ ’ — there isn’t .any question but what that was the ease— “they may attend a nearer school in the same district, or .-if there be none nearer therein, then the nearest school in another school district, in all grades below the high school.”
Now there was not any nearer school in the same district, and the nearest school according to the testimony was the school, in Thorn township, and this school was below the grade of a high school, and so it comes within the provisions of this section.
*196 “In such eases the board of education .of the district in which they reside must pay the tuition of such pupils without an agreement to that effect.”
Now, if there wasn’t anything more in the statute, there would be no question about it, and that would be the end of it. They must pay it without any agreement. There wasn’t any agreement made about the schooling of the children at all. The statute says that they must pay for the schooling of the children although without any agreement so to do. The statute says:
“But a board of education shall not collect tuition for such attendance until after notice thereof has been given to the board of education of the district where the pupils reside. Nothing herein shall require the consent of the board of education of the district where, the pupils reside to such attendance.”
Now this matter all turns upon this one clause in this section:
‘ ‘ But the board of education shall not collect tuition for such attendance until after notice thereof has been given to the board of education of the district where the pupils reside.”
On the trial of the ease before the jury the court permitted evidence to be given of all the notices that were given — whether they were given before or after, or when' they were given— against the objection of counsel for defendant; and counsel for the defendant seems to express great surprise at the holding of the court in reference to the meaning of this section.
The court held that this section meant that before they could bring a suit to collect this bill, notice must be given the other board, and that without-that notice they could not bring the action at all.
Now, there was no question but what notice had been given, just before the suit was brought, that a suit was about to be brought, or would be brought, unless this matter was settled before suit, and other notices are mentioned and described that were given to the board of education of Licking township. A *197 representative of the board of education of Licking township in 1911, I think it was, went down to see Mr. Vanatta himself, to find out whether or not he was going to send his children to Thorn township, and stating that he wanted to know, because they were about to make arrangements to hire some one to transport children, and that if these children were to be included in those that were to be transported, they would have to make a little different arrangement than if the children were going to school there, because there would be more children to transport and there would be a further distance to travel, and it would require a different kind of a contract with the party who was to transport the children. Vanatta informed this representative of the board that he intended to send his children to 'Thorn township to school — to the place where they had gone the year before — and that was about the sum and substance of what took place between the representative of' the board of education of Licking township and Mr. Vanatta. This.representative did not make any demand upon him and did say to him that he should not send his children there, or that they would not be liable for the bill; he did not tender to him any transportation ; he said that they would get transportation if he would send his children there, but it was all depending upon the question of whether he would send his children to Thorn township, or whether he would send them where this board of education was to transport them.
The next year they had another consultation with Vanatta something similar to the one I have just spoken about. Another member of the board was present at that consultation— Mr. Davis was present; and about the same result came from that consultation. This board was again informed that Vanatta intended to send his children to Thorn township. 'They did not object. They simply said that they wanted to know what he was going to do as they were about to hire a man to haul the children from their homes to some school that they had made arrangements with to provide the children of this district with school services;, and they left without making any 'definite ar *198 rangement whatever in regard to what should be done, except that they seemed to acquiesce in what Vanatta said, and that was all there was doxie at that meeting. Now as to the notice. The court did hold that before this action could be brought they must give this notice. The court has not changed its opinion in regard to that matter, and it has not changed its opinion in regard to what this notice is for.
There is quite an argument in the brief of defendant’s counsel as to the object of this notice; but I can not get any other construction out of these words, “but the board of education shall not collect tuition for such attendance until after notice thereof has been given,” than that they imply the bill has already been made, and they have a right to have notice before they are sued, before the expense of a lawsuit is incurred, and to settle without a suit if they so desire, and they can not be sued until this notice has been given; and I think that is as far as this section goes; and as far .as this section is concerned, the court holds that notice was given — not only a notice before the suit was brought, but a notice was given at least for the terms of ’ll and ’12 and ’12 and ’13, before the children went to school at all; but as to the notice that they had for ’10 and ’ll, the court is not so clear as to whether they had any notice of that before the children went there to school or not.
Counsel rely considerably upon Section 7737, which reads-.
“When the schools of a district are centralized or transportation of pupils provided, the provisions of the next two preceding sections shall not apply. ’ ’
One of the next preceding sections is 7735 which I have just read and quoted. So that if the schools of the district had been centralized, there is no question but what Section 7735 would not be invoked and would not apply in this case. But the schools of this district had not been centralized. There is no evidence that anything of that kind had been done. There is evidence that this sub-school district was abandoned during the time, but there is no evidence that the schools Were centralized *199 in this township. If the schools had been centralized in the township, then Section 7735 could not be invoked.
But there is another provision in this same section: “Or transportation of pupils provided.”
That transportation was provided for certain pupils there is no question; but the court finds from the testimony, as it is in the record, that there was no transportation actually provided for the Vanatta children. I think that section means, and I think the proper construction of it is, that it must be actually provided. The language of the section is: “Or transportation of pupils provided.” They talked about whether they would provide it, or whether they should provide it, but they seemed to acquiesce in the Vanatta children' going over to the other school; and the fact is that they did not provide transportation —they did not pay for or send any hack or conveyance to convey the children to the place where they had provided for their schooling; and the court finds from the evidence in this record that no provision was actually made for the transportation of these children.
These are the only reasons which are given by the board of Licking township — or the principal reasons — as to why this bill should not be paid. 'There is no question made as to the amount of the bill, and the only defense, or the only reason assigned as to why it should not be paid is those two reasons, and the court finds that Licking township ought to pay the board of Thorn township the amount of this bill. Counsel may prepare the entry and put the amount in the entry, figured according to the petition.